IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN DOHERTY, | : |
|     Plaintiff, | : |
| v. | :    C.A. No. 04-370-SLR |
| STATE OF DELAWARE, DEPARTMENT OF CORRECTION, NOREEN RENARD, JOSEPH PAESANI, JAMES LUPINETTI, MICHAEL TIGUE, and ROBERT I. GEORGE, JR., | : |
|     Defendants. | : |

### DEFENDANTS' OPENING BRIEF IN SUPPORT

### OF SUMMARY JUDGMENT

**STATE OF DELAWARE**
**Department of Justice**

Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400

**DATED:  July 26, 2005**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... 2

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS ................................. 3

SUMMARY OF THE ARGUMENT ........................................................................ 5

STATEMENT OF THE FACTS ............................................................................. 6

## ARGUMENT I.

PLAINTIFF HAS FAILED TO EVINCE A PROPERTY LOSS
SUFFICIENT TO SUPPORT A DUE PROCESS CLAIM UNDER
THE FOURTEENTH AMENDMENT ..................................................................... 9

## ARGUMENT II.

THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
AS NO CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION
IS ALLEGED AND DEFENDANTS COULD BELIEVE THEIR
CONDUCT WAS LAWFUL ................................................................................ 13

CONCLUSION ................................................................................................. 15

Note

...

## TABLE OF AUTHORITIES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ....................................................... 9

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .............................................................. 9, 10

*Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985) ............................................. 12

*Doherty v. State of Delaware*, C.A. No. 04-370-SLR,
Memorandum Opinion (D.Del. March 30, 2005) ............................................................... 13

*Gilbert v. Homer,* 520 U.S. 924 (1997) ............................................................................ 12

*Hampton v. Borough of Tinton Falls Police Dept.*,
98 F.3d 107 (3d Cir. 1996) .................................................................................................. 10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) ......................... 10

*Saucier v. Katz,* 533 U.S. 194 (2001) ........................................................................... 13-14

## Other Authorities

Fed.R.Civ.P.Rule56 ............................................................................................................. 9

## STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

On June 10, 2004, plaintiff commenced this civil rights action alleging claims under 42 U.S.C. §§ 1983, 1985, 11 *Del.C.*ch.92, the Fourteenth Amendment and state common law against the State of Delaware, Department of Correction, Noreen Renard, Joseph Paesani, James Lupinetti, Michael Tigue and Robert I. George, Jr.  Plaintiff alleges these claims in connection with an investigation and discipline against him for an improper relationship with an offender and improper supervision of that offender's Probation Officer who also was having an improper relationship with the offender. As result of the discipline, plaintiff was demoted from a recent promotion. (complaint, D.I. 1)

On August 2, 2004, defendants moved to dismiss under Rule 12 for a lack of jurisdiction and failure to state a legal claim.

On March 30, 2005, the Court entered a Memorandum Opinion and accompanying Order that granted defendants' motion to dismiss in part and denied in part.  The Court ordered that discovery was limited to whether plaintiff's demotion resulted in the loss of pay or other benefits and provided that the limited discovery period ended on June 30, 2005. (D.I. 16)

On April 12, 2005, defendants filed and served five requests for admission direct to plaintiff.  Plaintiff did not deny or otherwise respond within the period permitted under Fed.R.Civ.P.Rule 36. (D.I. 17, attached as exhibit)

On June 21, 2005, defendants deposed the plaintiff under a Notice of Deposition that required plaintiff "to produce any documents that evince a financial loss in regards to his demotion that is the subject of the lawsuit." (D.I. 18)(Doherty Deposition Transcript Exhibit 1)(Doherty Deposition Transcript and Exhibits are attached)

This is defendants' Opening Brief in support of summary judgment on the remaining claims.

## SUMMARY OF ARGUMENT

### I.

Plaintiff has not suffered a property loss that could support a claim under the due process clause of the Fourteenth Amendment. The record is undisputed that plaintiff's salary and benefits are the same as prior to his demotion and that he agreed to the demotion and change of assignment.

### II.

The remaining defendants sued in their individual capacities are entitled to qualified immunity even if there was evidence of a constitutional violation. The law was not clearly established and based on the circumstances, including plaintiff's agreement to the discipline, a reasonable administrator could believe their conduct was lawful.

## STATEMENT OF THE FACTS

In June 2002, the Internal Affairs Unit (defendants James Lupinetti and Michael Tigue) of the Department of Correction was conducting an investigation regarding an offender Jeremy Kokotaylo and his interaction with Probation Officer James Kostelnik. Apparently, the offender was assigned to P.O. Kostelnik and at some point began living with him. At the time, the probation officer was supervised by the plaintiff. The investigation was looking into evidence that plaintiff knew of the improper relationship between the two, but arranged to cover it up by 'paper assigning' the offender to another probation officer Robert Rowe who was also supervised by plaintiff and allowed the relationship to continue. It was learned that plaintiff had paid the offender to paint his house. IA interviewed the plaintiff, the offender, Kostelnik, Rowe and others. Additionally, IA examined records and documents including cancelled checks provided by plaintiff. (Doherty Deposition Tr. P. 9-11)

In August 2002, plaintiff was interviewed by Warden Robert George who was assigned the role of Administrative Investigator. Following the interview, George completed an 11 page investigative report of the evidence and list of allegations regarding plaintiff's conduct during his prior assignment before he was promoted to Operations Manager. Plaintiff was provided a copy of the report. (Doherty Deposition Tr. P.12-14)

Sometime in the fall of 2002, a fact finding hearing was scheduled before defendant Joseph Paesani. Plaintiff was represented by counsel and filed a number of

6

motions to suppress evidence. Eventually, the fact finding hearing went forward and Mr. Paesani recommended the plaintiff be dismissed[1] from State service. (Doherty Deposition Tr. P. 14-18)

In a document dated January 27, 2003, plaintiff filed a Step 1 Grievance and requested a Pre-decision hearing. As part of his grievance, plaintiff requested that all discipline be vacated and set out his contentions in a 20 page document (Doherty Deposition Ex. 4; Tr. P. 30, l-13)

On February 20, 2003, plaintiff and his employer reached an agreement to resolve the matter. (Doherty Deposition Ex. 2; Tr. P.7, L-5 to P. 8, L-18) Plaintiff concedes that his employer fully performed its promises under the agreement. (Doherty Tr. P. 8, L-10 to 12)

On June 10, 2004, plaintiff filed the instant suit which sets out the same claims as in his Step 1 Grievance. (compare complaint to Doherty Ex. 4) He contends that everyone, except him, is lying and the documents were altered, and if, he in fact did anything wrong, it was with the best of intentions. Essentially, plaintiff claims center around hearing officers and investigators crediting the statements of other witnesses and not believing his attempts to mitigate his own conduct. It is clear that both the complaint and the Step 1 Grievance complain about the results of procedures, not that there was no hearing or other procedures. In an e-mail prior to his settlement with his employer, plaintiff wrote the following to Bureau Chief Renard:

---

[1] It is undisputed that the Probation Officer Kostelnik was dismissed from State service.

7

"… Still, it was wrong, no matter what my motivation was.  I also understand that some punishment may be in order.  I am more than willing to accept any reasonable punishment.  Towards that end, **I can craft a waiver that will get us around all of that Bill of Rights hearing junk…**"  (emphasis added)(Doherty Ex. 5)

## **ARGUMENT I.**

PLAINTIFF HAS FAILED TO EVINCE A PROPERTY LOSS SUFFICIENT TO SUPPORT A DUE PROCESS CLAIM UNDER THE FOURTEENTH AMENDMENT.

In the Memorandum Opinion of March 30, 2005, the Court dismissed all of plaintiff's claims, except § 1983 claims against the individual defendants conditioned on the plaintiff establishing a property loss that would support due process claim under the Fourteenth Amendment. The Court permitted discovery on the sole issue of whether plaintiff suffered financial losses as a result of his demotion. (Doherty v. State of Delaware, C.A. No. 04-370-SLR (Order)(March 30, 2005)

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is one that "may reasonably be resolved in favor of either Party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986). The moving party bears the initial burden of demonstrating the absence of material issues of fact. *Celotex Corp.*, at 323. However, the moving party need not support its motion with affidavits or other documents disproving

9

the nonmoving party's claim, but need only "show - - that is point out to the district court - - that there is an absence of evidence to support the nonmoving party's case." *Id.*, at 325. The nonmoving party must go beyond the pleadings and through affidavits or other evidence demonstrate the existence of a genuine issue of material fact. *Id.*, at 314. The district court is required to construe the evidentiary record so as to give the nonmoving party reasonable factual inferences. *Hampton v. Borough of Tinton Falls Police Dept.*, 98 F.3d 107, 112 (3d Cir. 1996). Summary judgment should be granted if the court finds, in consideration of all of the evidence, that no reasonable trier of fact could find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

In accordance with the Court's Order of March 30, 2005, the limited discovery consists of defendants' requests for admission and the deposition of plaintiff. At his deposition, plaintiff testified at page 4 that after his demotion his salary remained the same as was agreed between him and his employer.

\*\*\*

```
 6    Q    But the salary that you were making as, what
            was it, an operations manager?
      A    I was the operations manager for the Bureau
            of Community Corrections.  That's correct.
      Q    And what was your pay grade?
      A    17.
      Q    And you were demoted to what?
      A    Senior probation and parole officer, Grade
```

10

```
            13.

    Q    Okay.  But your actual salary remained as it
         was when you were a Grade 17?
    A    It was frozen at that time, yes.
    Q    And did you continue to get the general
         state increase if one was given?
    A    That's correct.
***
```

The record is undisputed that plaintiff has not suffered a financial loss resulting from his demotion. (1st Set of Requests for Admission directed to Plaintiff, dated April 12, 2005, now deemed admitted [D.I. 17])  Even if plaintiff could conjure up a 'loss,' it was with his agreement that he was demoted and given his present assignment and not in violation of any constitutional right.

At page 7 to 8, plaintiff's testimony continues:

```
8   Q    I'm placing another document in front of you
         that has been marked as Doherty 2.  Do you recognize
         that document?
    A    Yes, I do.
    Q    What is that document?
    A    This is the finalized agreement that I
         reached with Alan Machtinger, director of Human
         Resources & Development for the Department of
         Correction at that time.
    Q    And what was the agreement?
    A    The agreement is that I would get a written
```

11

>           reprimand.  I would receive no suspension, be demoted
>           from operations administrator pay Grade 17 to a senior
>           probation and parole officer, Grade 13, retaining my
>           current salary, be assigned to the Plummer House and
>           that the Department would provide me with a copy of the
>           Attorney General's opinion regarding the applicability
>           of the Police Officer's Bill of Rights when the
>           Department received it.  I wouldn't withdraw -- I
>           withdraw my current grievance and would not file
>           another grievance in this matter.  ***

Plaintiff specifically bargained for the demotion and assignment he is now challenging during a period in which he was represented by counsel.  His e-mail to the Bureau Chief concedes that he did something wrong and knew he should be disciplined. The agreement was proposed during a Pre-decision hearing (Doherty Ex. 1) which is all that due process would require, even if he had a constitutionally protected property right in not being demoted without a loss of salary. *See Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985);  *Gilbert v. Homer,* 520 U.S. 924 (1997).

    The remaining defendants are entitled to summary judgment as plaintiff has no constitutionally protected property right under the circumstances where he agreed to a demotion and suffered no real financial loss.  The circumstances are the same as a simple reassignment of duties.

## **ARGUMENT II.**

THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS NO CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION IS ALLEGED AND DEFENDANTS COULD BELIEVE THEIR CONDUCT WAS LAWFUL.

The defendants are entitled to qualified immunity from any damages as plaintiff cannot establish a constitutional violation that was clearly established and under the circumstances the defendants' conduct was entirely reasonable.

Under *Saucier v. Katz,* 533 U.S. 194 (2001), qualified immunity requires the following analysis in the following sequence, and if the plaintiff fails to establish any portion, then defendants are entitled to immunity.

(1)     In a light most favorable to plaintiff, do his allegations make out a constitutional violation? If not, the defendants are entitled to immunity. Id. 533 U.S. at 201;

(2)     If plaintiff has properly alleged [or evinced] a constitutional violation, within the specific context of this case, then he must demonstrate that it was so clearly established that a reasonable individual in defendants' respective positions would know it was unlawful.  If plaintiff cannot establish by a review of legal precedents that the law was clearly established, then the defendants are entitled to immunity. Id.  533 U.S. at 201-202.

(3)     Finally, even if the law was clearly established, defendants are still entitled to immunity if any reasonable individual in the defendant's respective position could nevertheless believe that the conduct was lawful. Id. 533 U.S. at 205-206.

This Court observed that plaintiff has not cited any case that provides federal due process protections to demotions that do not result in loss of pay or other benefits. *Doherty v. State of Delaware*, C.A. No. 04-370-SLR, Memorandum Opinion (D.Del. March 30, 2005) at 10. Defendants could find no binding precedent that would provide support for a due process claim in the present circumstances. For the same reason, the law is not clearly established that the constitution is violated when a plaintiff is reassigned with his agreement and suffers no financial loss. Accordingly, defendants are entitled to immunity as it is undisputed that plaintiff suffered no financial loss. Therefore there is no due process claim which is the first prong of the *Saucier* analysis and the law is not clearly established for the second prong.

The third prong would also be satisfied as the allegations are simply that investigators and administrators did not believe the plaintiff and instead chose to believe all the other witnesses and documents.

Defendants are entitled to judgment in their favor.

## CONCLUSION

The remaining defendants request the Court enter judgment in their favor against the plaintiff for the reasons set out above.

Respectfully submitted,

**STATE OF DELAWARE**
**Department of Justice**

/s/ Marc P. Niedzielski
Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302)  577-8400

## CERTIFICATE OF SERVICE

I certify that on July 26, 2005, I electronically served the attached Defendants' Opening Brief in Support of Summary Judgment on the following:

Richard R. Wier, Jr., Esquire
Daniel W. Scialpi, Esquire
1220 Market Street, Suite 600
Wilmington, DE  19801
rwier@wierlaw.com

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
marc.niedzielski@state.de.us