# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN DOHERTY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 04-370-SLR |
| | : | |
| STATE OF DELAWARE, DEPARTMENT OF CORRECTION, NOREEN RENARD, JOSEPH PAESANI, JAMES LUPINETTI, MICHAEL TIGUE, and ROBERT I. GEORGE, JR., | : : : : : : | |
| | : | |
| Defendants. | : | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT**

## **OF SUMMARY JUDGMENT**

           **STATE OF DELAWARE**
           **Department of Justice**

           Marc P. Niedzielski (# 2616)
           Deputy Attorney General
           820 N. French Street, 6th Floor
           Wilmington, DE 19801
           (302) 577-8400

**DATED: August 26, 2005**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ...................................................................................3

### **ARGUMENT I.**

PLAINTIFF HAS FAILED TO EVINCE A PROPERTY LOSS
SUFFICIENT TO SUPPORT A DUE PROCESS CLAIM UNDER
THE FOURTEENTH AMENDMENT...........................................................................4


### **ARGUMENT II.**

THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY
AS NO CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION
IS ALLEGED AND DEFENDANTS COULD BELIEVE THEIR
CONDUCT WAS LAWFUL...............................................................................10


CONCLUSION ...................................................................................................11

## **TABLE OF AUTHORITIES**

*Barber v. City of Lewes*, 1997 WL 127951 (Del.Super. 1997)..............................................9

*Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985) .................................................6

*Gilbert v. Homer,* 520 U.S. 924 (1997) ...............................................................................6, 8, 9

## **ARGUMENT I.**

PLAINTIFF HAS FAILED TO EVINCE A PROPERTY LOSS SUFFICIENT TO SUPPORT A DUE PROCESS CLAIM UNDER THE FOURTEENTH AMENDMENT.

In their Opening Brief, defendants demonstrated that the record is undisputed that plaintiff has not suffered a financial loss resulting from his demotion. (1st Set of Requests for Admission directed to Plaintiff, dated April 12, 2005, now deemed admitted [D.I. 17]) Consistent with those admissions, plaintiff testified at page 4 that after his demotion his salary remained the same as was agreed between him and his employer.

\*\*\*

```
 line 6  Q     But the salary that you were making as, what
               was it, an operations manager?
         A     I was the operations manager for the Bureau
               of Community Corrections.  That's correct.
         Q     And what was your pay grade?
         A     17.
         Q     And you were demoted to what?
         A     Senior probation and parole officer, Grade
               13.

         Q     Okay.  But your actual salary remained as it
               was when you were a Grade 17?
         A     It was frozen at that time, yes.
         Q     And did you continue to get the general
               state increase if one was given?
```

```
         A     That's correct.
***
```

Defendants also demonstrated that plaintiff negotiated and agreed to the demotion during a period he was represented by counsel, for which he now complains.   At page 7 to 8, he testified:

```
Line 8   Q     I'm placing another document in front of you
               that has been marked as Doherty 2.  Do you recognize
               that document?
         A     Yes, I do.
         Q     What is that document?
         A     This is the finalized agreement that I
               reached with Alan Machtinger, director of Human
               Resources & Development for the Department of
               Correction at that time.
         Q     And what was the agreement?
         A     The agreement is that I would get a written
               reprimand.  I would receive no suspension, be demoted
               from operations administrator pay Grade 17 to a senior
               probation and parole officer, Grade 13, retaining my
               current salary, be assigned to the Plummer House and
               that the Department would provide me with a copy of the
               Attorney General's opinion regarding the applicability
               of the Police Officer's Bill of Rights when the
               Department received it.  I wouldn't withdraw -- I
               withdraw my current grievance and would not file
               another grievance in this matter.   ***
```

Not surprisingly, plaintiff's complaint and Answering Brief does not disclose that he agreed to the discipline nor that he was represented by counsel. Instead, plaintiff continues to assert only that his discipline and grievance should have been under a different section of Delaware law which cannot be enforced under 42 U.S.C. § 1983.

Plaintiff concedes that he received notice of each step, presented his own documents to the IA investigators, received copies of the fact finding, could have called his own witnesses and was represented by counsel. His e-mail to the Bureau Chief[1] concedes that he did something wrong and knew he should be disciplined. The agreement was proposed during a Pre-decision hearing (Doherty Ex. 1) which is more than due process would require, even if he had a constitutionally protected property right in not being demoted without a loss of salary. *See Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532 (1985); *Gilbert v. Homer,* 520 U.S. 924 (1997).

The remaining defendants are entitled to summary judgment as plaintiff has no constitutionally protected property right under the circumstances where he

---

[1] "… Still, it was wrong, no matter what my motivation was. I also understand that some punishment may be in order. I am more than willing to accept any reasonable punishment. Towards that end, **I can craft a waiver that will get us around all of that Bill of Rights hearing junk…**" (emphasis added)(Doherty Ex. 5)

agreed to a demotion and suffered no real financial loss. The circumstances are the same as a simple reassignment of duties.

Nevertheless, plaintiff contends that he suffered economic loss that would be a protected property interest. He claims he now pays union dues of $30 per month, $10-15 per day for uncompensated parking in the New Castle County Courthouse. He also claims that he is unable to work some unspecified amount of overtime because he has not re-qualified to carry a firearm. Finally, plaintiff claims that he is unable to move within the pay scale as result of his agreed upon demotion.

Plaintiff's deposition was noticed as duces tecum where plaintiff was "to produce any documents that evince a financial loss in regards to his demotion that is the subject of the lawsuit." (D.I. 18)(Doherty Deposition Transcript Exhibit 1)(Doherty Deposition Transcript and Exhibits are attached to Opening Brief) The only document plaintiff produced was the 2003 pay scale for pay grade 17 that was taken form the State's website. Plaintiff did not produce any evidence to support his claims regarding union dues, parking expenses or lost overtime. However, plaintiff did testify (pages 26-27) that he saves at least $2.00 in tolls and more than 100 miles of wear and tear on his vehicle by not having to commute to Dover each day. At the present federal per diem rate of $.375 per mile that totals a saving of $39 per day of work when in worked in Dover ($2.00 tolls and 100 miles x $.375 per mile) or a saving of $819 per month (average of 21 work days per month). That exceeds his monthly claims of $345 for parking, union dues and

unspecified loss of overtime by $400 in his favor. Financially, he is better off after his demotion.

Attached is the declaration of Warden Phillip Morgan who supervises plaintiff's supervisor. The declaration makes clear the plaintiff has not requested reimbursement for parking through the Warden. In fact, the Warden states that plaintiff could arrange to be dropped off and picked up at no expense to plaintiff or he could sign out a State vehicle. The Warden also states that plaintiff has never requested firearms re-qualification by filling out a form for that purpose and that such re-qualification is a routine ongoing activity. It appears that plaintiff is trying to evince illusory financial losses and playing loose with the true state of affairs. Plaintiff drives his personal vehicle to the Courthouse and does not work overtime because he so chooses.

The constitutional only protects interests of sufficient importance. In his Answering Brief at 11, plaintiff states: "[h]is office was at headquarters about 20 steps from the Commissioner's door." The fact that prior to the voluntary demotion plaintiff's office was close to the Commissioner's office, simply does not have any real value or an actual property interest. Being close to the head of Department may have an obsequious value to plaintiff, but that value is subjective to the plaintiff only.

Plaintiff asserts that other abstract values of his prior position are also protected property interests which would be protected by the due process clause. In support of this contention, he cites to footnote 7 of the Third Circuit's decision

that the Supreme Court reversed.  *Homar v. Gilbert*, 89 F.3d 1009, 1018 (3rd Cir. 1996), *reversed*, 520 U.S. 924 (1997).   Under plaintiff's reasoning, dicta buried in a footnote remains good law since only the Court of Appeals' holding and judgment was reversed.  Plaintiff contends that since the Supreme Court reserved the issue of whether due process protections apply to employee discipline short of termination, this Court is required to follow the dicta in footnote 7.  Actually, the Supreme Court did not reserve the issue, it stated it had not decided whether the due process clause even applies in the present circumstances, discipline short of termination and no loss of salary.

      Plaintiff has not suffered any property loss for which there is a due process claim.

## ARGUMENT II.

THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS NO CLEARLY ESTABLISHED CONSTITUTIONAL VIOLATION IS ALLEGED AND DEFENDANTS COULD BELIEVE THEIR CONDUCT WAS LAWFUL.

In their Opening Brief, defendants demonstrate that they are entitled to qualified immunity as the law is not clearly established and that they could reasonable believe that they were acting lawfully. Plaintiff makes no meaningful response in their Answering Brief. They continue to cite to the Third Circuit's rejected decision in *Homar v. Gilbert* and *Barber v. City of Lewes*, 1997 WL 127951 (Del.Super. 1997) which relied on the same rejected Third Circuit's decision in *Homar.* Moreover, both cases are factually inapposite as the issues were suspension without pay or involuntary demotion with no hearing. In the instant matter, plaintiff suffered no financial loss and was demoted with his agreement during a pre-decision hearing while represented by counsel.

Plaintiff does not point to any authorities that suggest it was clearly established in 2002-2003 that their conduct violated the U.S. Constitution and therefore they should be granted qualified immunity and summary judgment.

## CONCLUSION

For the above reasons, defendants should be granted judgment in their favor pursuant to Rule 56.

Respectfully submitted,

**STATE OF DELAWARE**
**Department of Justice**

**/s/ Marc P. Niedzielski**
Marc P. Niedzielski (# 2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
marc.niedzielski@state.de.us
(302)  577-8324

## **CERTIFICATE OF SERVICE**

I certify that on August 26, 2005, I electronically served the attached Defendants' Reply Brief in Support of Summary Judgment on the following:

Richard R. Wier, Jr., Esquire
Daniel W. Scialpi, Esquire
1220 Market Street, Suite 600
Wilmington, DE  19801
rwier@wierlaw.com

/s/ Marc P. Niedzielski
Marc P. Niedzielski (#2616)
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
marc.niedzielski@state.de.us